```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                    DALLAS DIVISION
```

JOHN SANTELLANO,                §
                                §
              Plaintiff,        §
                                § Civil Action No. 3:10-CV-2533-D
VS.                             §
                                §
THE CITY OF GOLDTHWAITE,        §
et al.,                         §
                                §
              Defendants.       §

## MEMORANDUM OPINION
## AND ORDER

Plaintiff John Santellano ("Santellano"), a resident of the Western District of Texas, brings this employment discrimination lawsuit against the City of Goldthwaite (the "City"), a municipality located in the San Angelo Division of this court, and the City's Mayor, defendant Mike McMahan ("Mayor McMahan"), in his official capacity. The City and Mayor McMahan move to transfer the case to the San Angelo Division under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interest of justice. For the following reasons, the court grants the motion.

I

Santellano sues the City and Mayor McMahan, in his official capacity,[1] for national origin discrimination, harassment, and

---

[1] A suit against a government official in his official capacity is "only another way of pleading an action against an entity of which [the official] is an agent." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978). If the government entity receives notice and an opportunity to respond, an "official-capacity suit" is treated as a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Texas Commission on Human Rights Act ("TCHRA"), Tex. Labor Code Ann. §§ 21.001-21.556 (West 2006),[2] and Tex. Labor Code Ann. § 451.001 (West 2006), the anti-discrimination provision of the Texas Workers' Compensation Act. Santellano resides in Rockdale, Texas, which is located in the Western District of Texas. The City is located in Mills County, which is within the San Angelo Division of this court. Neither is located in the Dallas Division of this court.

Defendants move to transfer this case to the San Angelo Division under § 1404(a) for the convenience of the parties and witnesses and in the interest of justice. Santellano opposes the motion.

II

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The decision to transfer is

---

[2]As the court noted in *King v. Enterprise Leasing Co. of DFW*, 2007 WL 2005541 (N.D. Tex. July 11, 2007) (Fitzwater, J.): "'Chapter 21 was entitled the Texas Commission on Human Rights Act until the abolishment of the Commission on Human Rights. In 2004, the 'powers and duties' of the Commission on Human Rights were transferred to the Texas Workforce Commission Civil Rights Division.'" *Id.* at *1 n.1 (quoting *Tex. Dep't of Criminal Justice v. Guard*, 2007 WL 1119572, at *2 n.3 (Tex. App. 2007, no pet.) (not designated for publication)). As in *King*, the court for clarity will refer to this claim as brought under the TCHRA.

made to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Bank One, N.A. v. Euro-Alamo Invs., Inc.*, 211 F.Supp.2d 808, 811 (N.D. Tex. 2002) (Fitzwater, J.) (citations omitted). In deciding whether to transfer the case, the court evaluates "a number of private and public interest factors, none of which are given dispositive weight." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam) (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)).

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or] the application of foreign law.

*Id.* (citations and quotation marks omitted). "Although [these] factors are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). Defendants must establish "good cause" for transferring the case, meaning that, "in order to support [their] claim for a transfer, [they] must satisfy

the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id.* (quoting § 1404(a)).  A plaintiff's choice of forum is normally entitled to substantial weight and should be highly esteemed. *See Enserch Int'l Exploration, Inc. v. Attock Oil Co.*, 656 F. Supp. 1162, 1167 n.15 (N.D. Tex. 1987) (Fitzwater, J.). But the weight to be accorded the choice is diminished where plaintiff brings suit outside his home forum. *Alexander & Alexander, Inc. v. Donald F. Muldoon & Co.*, 685 F. Supp. 346, 349 (S.D.N.Y. 1988).

III

Turning first to the private interest factors, defendants have established that the City and the Mayor's office are located in Mills County, Santellano's supervisor and former coworkers reside and are located there, and there are no non-party witnesses located outside Mills County. Indeed, according to defendants, all witnesses except Santellano are believed to be within Mills County. The facts on which Santellano bases his claims arise from his employment at a municipality situated in Mills County. And the documents are located in Mills County, where the operative events occurred. The only connection between this case and the Dallas Division is that Santellano's counsel offices in this division.

The availability and convenience of witnesses is the most significant factor in deciding a § 1404(a) motion to transfer. *See*

*Sw. Airlines Co. Profit Sharing 401(k) Comm. v. UBS Global Asset Mgmt. (Ams.), Inc.*, 2007 WL 268808, at *3 (N.D. Tex. Jan. 29, 2007) (Fitzwater, J.). "The convenience of the witnesses is often regarded as the most important factor to be considered in deciding whether to transfer venue. However, it is the convenience of the non-party witnesses that is accorded the greatest weight." *Sargent v. Sun Trust Bank, N.A.*, 2004 WL 1630081, at *3 (N.D. Tex. July 20, 2004) (Fitzwater, J.) (internal quotation marks omitted) (quoting *Minka Lighting, Inc. v. Trans Globe Imps., Inc.*, 2003 WL 21251684, at *2 (N.D. Tex. May 23, 2003) (Fish, C.J.)). Santellano has not identified any witnesses who reside in the Dallas Division of this court. Except for Santellano himself, who resides in the Western District, all witnesses reside in the San Angelo Division. Goldthwaite is closer to the San Angelo courthouse than it is to the Dallas courthouse.

In response to the motion, Santellano relies on his right as the plaintiff to choose the forum and the fact that the Dallas courthouse is only marginally farther away from Goldthwaite than is the San Angelo courthouse. He acknowledges that the "majority" of the witnesses reside in Mills County, but he posits that defendants cannot show that the witnesses will be clearly more inconvenienced given the slight differences in distance between Mills County and the two courthouses. And he contends that it will be more convenient for him to travel to Dallas than to San Angelo from his

home in Rockdale.  Santellano also acknowledges that the majority of the events forming the basis of his lawsuit occurred in Goldthwaite, but he argues that this factor alone should not interdict his choice of forum, and that a balance of the factors supports his choice.  Regarding the cost of obtaining the attendance of witnesses and the availability of compulsory process, Santellano again points to what he characterizes as the small differences in distance between Goldthwaite and the two federal courthouses, and he relies on the fact that the court's subpoena power is sufficient in either context.  As to the location of sources of proof, he concedes that his employment records are maintained in Goldthwaite, but he argues that these and any other pertinent documents can be transported to this division.  Finally, as to delay and prejudice, he maintains that the case will start over if transferred, given that the court has already entered a scheduling order here.[3]

Considering the relative ease of access to sources of proof, the cost of attendance for willing witnesses, and all other practical problems that make trial of a case easy, expeditious, and

---

[3]He also relies on the convenience of his counsel, but this is plainly irrelevant.  *See, e.g., NDC Invs. LLC v. Lehman Bros., Inc.*, 2006 WL 2051030, at *2 n.7 (N.D. Tex. July 21, 2006) (Fitzwater, J.) (holding that convenience of counsel is not a relevant factor in determining whether to transfer a case under § 1404(a)).

inexpensive,[4] the court holds that the case should be transferred. Santellano brought this lawsuit outside his home forum. He resides in the Western District of Texas, and he filed suit in the Dallas Division of the Northern District of Texas. All of the witnesses, except perhaps Santellano himself, are located in the San Angelo Division of this court, all of the documents are located there, Santellano's claims arose there, and all of the operative facts took place there. The Dallas Division has no pertinent connection to this case; Santellano's counsel is located here, but this fact is inconsequential. In opposition to defendants' motion, Santellano is forced to acknowledge that virtually every (if not every) fact ties this case to the San Angelo Division, and he is left to argue that although it may be more convenient to litigate the case there, it is not *substantially* more convenient. The court disagrees and concludes that the private interest factors support transferring the case.

IV

Concerning the public interest factors, the only one that impacts the court's decision is the one that considers the local interest in having localized interests decided at home. This factor weighs in favor of transferring the case to the division of

---

[4]The factor that considers availability of compulsory process to secure the attendance of witnesses does not support transferring or retaining the case. It would essentially operate equally regardless whether the case is litigated in the San Angelo Division or the Dallas Division.

this court where Goldthwaite is situated, especially given that the defendants are a municipality and its Mayor (in his official capacity), who are alleged to be liable for discrimination and retaliation. The Dallas Division has no local interest whatsoever in this lawsuit.

Santellano argues in opposition that citizens of the Dallas Division have an interest in adjudicating a case alleging discrimination and retaliation, that many citizens of Goldthwaite may be prejudiced or biased, and the burden of jury duty is no more unfair in this division than in the San Angelo Division. The court disagrees. Citizens of this division have no interest in resolving employment disputes throughout the state of Texas, regardless of their attenuated connection to this division. The fact that citizens of Goldthwaite may be prejudiced or biased (even if assumed to be true) actually demonstrates that Goldthwaite citizens have a local interest in deciding the case. And the burden of jury duty is certainly unfair when one considers that jurors in the Dallas Division would be asked to resolve a dispute involving an employee and municipality located in another division, regarding a municipality situated approximately 184 miles from the Dallas courthouse.

\* \* \*

Defendants' February 11, 2011 motion to transfer venue is granted, and this case is transferred to the San Angelo Division of

this court. The clerk of court shall effect the transfer according to the usual procedure.

**SO ORDERED.**

April 14, 2011.

                                  SIDNEY A. FITZWATER
                                  CHIEF JUDGE